## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LONNIE FARRIS                              )
                                           )
            **Plaintiff,**                 )
                                           )
v.                                         )        **Case No. 15-1078-MLB**
                                           )
CITY OF GARDEN CITY, KANSAS,               )
                                           )
            **Defendant.**                 )
_____)

### MEMORANDUM AND ORDER

This matter is before the court on plaintiff's "Clarification and Motion to Reconsider Memorandum and Decision and Order in Reference to My Motion to Amend" (Doc. 5) and plaintiff's "Dispositive Motion for the Judgment Pleading of the Defendant Denying Plaintiff's Charges; By Grand Jury" (Doc. 12). For the reasons stated below, both motions are DENIED.

### Background

This dispute arises from defendant's removal of an action filed in the District Court of Finney County, Kansas in December 2014.[1] Plaintiff proceeds pro se and apparently in forma pauperis.[2] He alleges that his rights under the Americans with

_____

[1] Case No. 14 CV 192.

[2] Plaintiff filed a Motion to Waive Filing Fee Pending Judgment on Dec. 10, 2014 in Finney County. However, the state docket report is unclear regarding whether that motion has been granted. *See* Finney County ROA Report, Doc. 16, Ex. 1.

Disabilities Act ("ADA")[3] have been violated by Garden City's repeated citations, arrests, and convictions of plaintiff for apparently operating various "other powered mobility devices." Plaintiff maintains that his use of these devices is necessary to his mobility as a disabled person and that the City is discriminating against him in violation of the ADA. Plaintiff further contends that various parties, including defendant, have conspired together to create and/or prosecute discriminatory municipal codes in order to extract money from the state revenue.

On March 3, 2015, Finney County District Judge Philip C. Vieux issued a Memorandum Decision and Order addressing plaintiff's multiple filings in the state case.[4] Among other rulings in that Order, Judge Vieux denied plaintiff's "Request for Advocation" to the United States Supreme Court, noting that the court knew of no law which allows such a request. Additionally, he ruled that the voluminous stack of documents which plaintiff submitted in support of his Request for Advocation should not be filed, should be returned to plaintiff, and plaintiff should retrieve the documents as soon as possible.

## I.      Plaintiff's Motion to Reconsider (Doc. 5)

Plaintiff filed his motion for reconsideration of Judge Vieux's order in Finney County, but the motion was still pending when defendant removed the case to this court. After review of plaintiff's motion, it appears that the only relief requested is a reconsideration of the rejection of the stack of documents plaintiff submitted to the

---

[3] 42 U.S.C. § 12181 *et seq.*
[4] Notice of Removal, Doc. 1, Ex. 3.

Finney County clerk.   Plaintiff also asks that the two motions which he filed in the Finney County case, along with the 437 pages of "evidence," be "shared" with the municipal court, the District Courts, and the "Division of Kansas."   After the case was removed, plaintiff filed a supplement to his petition (Doc. 9) and submitted a voluminous book of documents which was filed conventionally in the U.S. District Court Clerk's office (Doc. 10).

At the outset, to the extent plaintiff seeks reconsideration of Judge Vieux's order, his motion is DENIED.   Although this court treats previous state court orders as its own in a removal action,[5] plaintiff has not met the standards required for reconsideration.   D. Kan. Rule 7.3 provides that such a motion must be based on:

(1) an intervening change in controlling law;

(2) the availability of new evidence; or

(3) the need to correct clear error or prevent manifest injustice.

"Such motions are not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally."[6]   Plaintiff bears the burden to demonstrate an adequate reason to reconsider the court's prior order.[7]   Here, plaintiff fails to meet that burden because he

---

[5] *Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1215 (D.N.M. 2012) (finding that "when a case is removed from state court, the federal court takes the case in its current posture and treats previously entered orders as its own.") (citing *Granny Goose Foods v. Brotherhood of Teamsters, Local No. 70,* 415 U.S. 423, 436–37 (1974)).  *See also Flying Cross Check, L.L.C. v. Cent. Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1256 (D. Kan. 2001), modified (Mar. 8, 2001) (finding that "after removal, such state court orders remain in effect" and "after removal, the federal court merely takes up where the state court left off")(internal citations omitted).

[6] *Keys Youth Services v. City of Olathe, Kansas*, 67 F. Supp.2d 1228, 1229 (D. Kan. 1999) (emphasis added).

[7] *Cotracom Commodity Trading Co. v. Seaboard Corp*., 193 F.R.D. 696, 697 (D. Kan. 2000).

merely revisits the same arguments presented to the state court in his initial request which was denied by Judge Vieux.

Furthermore, it appears that plaintiff followed the instructions of Judge Vieux and retrieved his documents, only to later file them in this court as Document 10. The submission of the documents in question is governed by the District of Kansas Local Rules. First and foremost, any party appearing on his own behalf is expected to read and be familiar with the Rules of Practice and Procedure of this court and the relevant Federal Rules of Civil Procedure and to proceed in accordance with them.[8] If plaintiff has not done so, he should contact the clerk's office to obtain a copy of the Pro Se Guide.

A number of specific rules apply to plaintiff's request. First, pursuant to D. Kan. Rule 5.1(f) ("Exhibits to Pleadings or Papers"), "bulky or voluminous materials should not be filed in their entirety or incorporated by reference unless the court finds the materials essential and grants leave to file them." Any documents filed in violation of this rule may be stricken. Additionally, under Rule 7.1(d)(2) documents filed in conventional paper format (not electronically) must be filed with the clerk in <u>duplicate</u>, including an original and one copy. Finally, per Rule 5.4.5(b)(1), any document submitted as an exhibit or attachment must include "<u>only</u> those excerpts of the referenced documents that are <u>directly germane</u> to the matter before the court" and "excerpted material must be clearly and prominently identified as such" (emphasis added).

Plaintiff did not request leave to file Document 10; he did not file the document in duplicate; and he did not attach "only those excerpts" which are directly relevant to his

---

[8] D. Kan. Rule 83.5.4(g).

complaint.  In fact, his filing appears to include every communication with not only the City for the past several years but also with defendant's counsel as a part of this action. However, given the liberal treatment allowed to a pro se party, the court will permit the document to remain conventionally filed in the clerk's office at Wichita.  **Plaintiff is admonished to carefully review this order and the rules for future filings.**

To the extent plaintiff requests any coordination between this court and any other court, including the United States Supreme Court, such request is inappropriate.  Neither the court nor the clerk's office are responsible for providing copies of the documents to any other entity, agency, or party; however, documents filed in the clerk's office remain public records available for examination during business hours.  If plaintiff seeks copies of Document 10 for any purpose, he must submit an appropriate request for copying with any related fees pursuant to Rule 79.1 ("Access to Court Records").

**IT IS THEREFORE ORDERED** that plaintiff's "Clarification and Motion to Reconsider Memorandum and Decision and Order in Reference to [His] Motion to Amend" (Doc. 5) is **DENIED** as set forth above.

**II.     Plaintiff's "Dispositive Motion for the Judgment Pleading of the Defendant Denying Plaintiff's Charges; By Grand Jury" (Doc. 12)**

After careful consideration of plaintiff's "motion," the court finds that Document 12 does not meet the requirements for either a motion for judgment on the pleadings[9] or a

---

[9] *See* Fed. R. Civ. P 12(c); D. Kan. Rules 7.1 ("Motions in Civil Cases") and 7.6 ("Briefs and Memoranda").

motion for summary judgment.[10]   Therefore, the document is construed not as a dispositive motion but as a Reply to Defendant's Answer.

However, according to Fed. R. Civ. P. 7(a)(7), a reply to an answer may be filed only by court order.  Plaintiff did not seek leave of court to file his reply.  Affording wide latitude to plaintiff as a pro se litigant, the court will permit the document to remain filed and the clerk's office is directed to docket Document 12 as a Reply to Defendant's Answer.  **Plaintiff is again cautioned** to obtain a copy of the Pro Se Guide and to familiarize himself with the relevant Federal and Local Rules.  Excessive and inappropriate filings create an unnecessary and unwelcome burden on the court.

**IT IS THEREFORE ORDERED** that plaintiff's "Dispositive Motion for the Judgment Pleading of the Defendant Denying Plaintiff's Charges; By Grand Jury" (**Doc. 12**) is **DENIED AS MOOT**.  The document shall be construed by the clerk's office as a Reply to Defendant's Answer.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 1st day of May 2015.

s/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[10] *See* Fed. R. Civ. P. 56; D. Kan. Rule 56.1 ("Motions for Summary Judgment").