IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LONNIE FARRIS, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No.  15-1078-MLB |
| ) | |
| GARDEN CITY, KANSAS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion for judgment on the pleadings. (Doc. 24). The motion has been fully briefed and is ripe for decision. (Docs. 25, 33, 37). Defendant's motion is granted for the reasons herein.

**I.   Facts**

On February 12, 2015, plaintiff filed a complaint in the district court of Finney County, Kansas. Plaintiff's complaint was removed to this court. (Doc. 1). Plaintiff alleges that he is on social security disability and has been discriminated against while operating an "other powered driven mobility device" (OPDMD). Plaintiff was cited and convicted, presumably by officers employed by defendant, on multiple occasions for driving with a suspended license while operating an OPDMD, specifically a motor operated bicycle and a riding lawn mower. Plaintiff filed a supplement to his complaint in which he states that he has recently been diagnosed with multiple sclerosis. (Doc. 9). Plaintiff also attached his social security records and criminal records from Garden City to the supplement. (Doc. 9).

Defendant moves to dismiss on the basis that plaintiff has not

alleged sufficient facts to state a claim.

## II. Motion to Dismiss Standards: FRCP 12(c)

The standards this court must utilize upon a motion for judgment on the pleadings mirrors the standard for analyzing motions to dismiss under Rule 12(b)(6). Nelson v. State Farm Mut. Auto. Ins. Co., 419 F.3d 1117, 1119 (10th Cir. 2005). To withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

## III. Legal Standard for Pro Se Litigants

It has long been the rule that pro se pleadings, including complaints and pleadings, must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998). This rule requires the court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction. See Hall, 935 F.2d at 1110. Liberal construction does not, however, require this court to assume the role

-2-

of advocate for the <u>pro</u> <u>se</u> litigant. <u>See</u> <u>id.</u> Plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district. <u>See</u> <u>id.</u>; <u>Hill</u>, 14 F. Supp.2d at 1237. Additionally, the court need not accept as true plaintiff's conclusory allegations because no special legal training is required to recount the facts surrounding alleged injuries. <u>See</u> <u>Hill</u>, 14 F. Supp.2d at 1237. Thus, the court is required to accept as true only plaintiff's well-pleaded and supported factual contentions. <u>See</u> <u>id.</u>

**IV. Analysis**

   **A.  ADA Discrimination**

The ADA contains three titles which address discrimination against persons with disabilities in three contexts. Briefly summarized, Title I bars employment discrimination, 42 U.S.C. § 12112, Title II bars discrimination in services offered by public entities, 42 U.S.C. § 12132, and Title III bars discrimination by public accommodations engaged in interstate commerce, such as restaurants, hotels, and transportation carriers. 42 U.S.C. §§ 12182, 12184.

Plaintiff's complaint cites to Title III. Title III, however, applies to discrimination in public accommodations by <u>private</u> entities. <u>See</u> <u>Gaona v. Town & Country Credit</u>, 324 F.3d 1050, 1056 (8th Cir. 2003) ("Title III of the ADA prohibits discrimination on the basis of disability in public accommodations, while section 504 of the Rehabilitation Act (and Title II of the ADA) prohibit discrimination on the basis of disability by public entities."); <u>Sandison v. Michigan High School Athletic Ass'n, Inc.</u>, 64 F.3d 1026, 1036 (6th Cir. 1995) (Title III "prohibits discrimination on the basis of disability in

public accommodations operated by private entities.") Therefore, to the extent plaintiff alleges defendant has violated Title III of the ADA, 42 U.S.C. §§ 12181–12189, plaintiff's claim under Title III is dismissed with prejudice.

In plaintiff's exhibits to his supplement, he attached portions of Title II. Therefore, the court liberally construes plaintiff's complaint as making a claim under Title II. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To make out a prima facie case under Title II of the ADA, a plaintiff must establish that "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." Spurlock v. Simmons, 88 F. Supp. 2d 1189, 1195 (D. Kan. 2000) (citing Gohier v. Enright, 186 F.3d 1216, 1219 (10th Cir. 1999)).

Defendant contends that plaintiff has not satisfied a prima facie case of discrimination because he failed to allege that he is a qualified individual with a disability. 42 U.S.C. § 12102(2)(A) (2006) provides in relevant part that a disability is a "physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." The Tenth Circuit has held that an analysis under this statute requires a three-step process: (1)

determining whether the plaintiff's condition is an impairment, (2) identifying the life activity upon which she relies and determining whether it constitutes a major life activity under the ADA, and (3) determining whether the impairment substantially limited the major life activity. MacKenzie v. City and County of Denver, 414 F.3d 1266, 1275 (10th Cir. 2005).

Plaintiff's complaint wholly fails to identify his condition and what major life activity is limited by his condition. Rather, the complaint merely states that plaintiff is on social security disability. This allegation is not sufficient to establish that plaintiff is a qualified individual with a disability under the ADA. Weigel v. Target Stores, 122 F.3d 461, 467 (7th Cir. 1997)("Because the ADA's determination of disability and a determination under the Social Security disability system diverge significantly in their respective legal standards and statutory intent, determinations made by the Social Security Administration concerning disability are not dispositive findings for claims arising under the ADA.")

Nevertheless, the court finds that plaintiff has failed to allege intentional discrimination under the ADA. A plaintiff claiming a violation of Title II of the ADA must show that he was discriminated against "solely by reason of disability." Doe v. Bd. of County Com'rs of Payne County, Okla., No. 14-6187, 2015 WL 3500019, 2 (10th Cir. June 4, 2015) (citing Fitzgerald v. Corrections Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005)). Plaintiff alleges that he has "been wrongfully convicted of driving while suspended when a drivers license is not needed on my O.P.D.M.D." (Doc. 1).

Plaintiff's allegations are insufficient to state a claim of

discrimination under Title II of the ADA. Plaintiff admits that he did not have a valid driver's license while operating a riding lawn mower on the street.[1] Plaintiff's complaint wholly fails to allege that the citations he received were issued because of his disability, whatever that disability may be. Therefore, defendant's motion to dismiss plaintiff's ADA claim is granted.

### B. Conspiracy

In plaintiff's motion to amend, he alleges that defendant conspired to discriminate against him.[2] Civil conspiracy has five elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." State ex rel. Mays v. Ridenhour, 248 Kan. 919, 927, 811 P.2d 1220 (1991).

Plaintiff has failed to satisfy elements 1 and 3. Plaintiff did not sufficiently identify the persons involved in the conspiracy and the agreement they entered into. Therefore, defendant's motion to dismiss plaintiff's conspiracy claim is granted.

### C. Criminal Violation

---

[1] Kansas law provides that a driver's license is required to operate a motorized bicycle and a motorized vehicle. K.S.A. 8-235. A motorized vehicle is defined as a vehicle which is self-propelled. K.S.A. 8-1437. And, a vehicle is defined as a device which a person may be transported upon a highway, except a device which is moved by human power. K.S.A. 8-1485. Therefore, a riding lawn mower is a motor vehicle under Kansas law and plaintiff was required to have a license in order to operate the riding lawn mower on a street.

[2] On March 3, 2015, the state court judge granted plaintiff's motion to amend. (Doc. 1). No amended complaint has been filed. The court will review the merits of the claim out of an abundance of caution.

Plaintiff's motion to amend also alleges a violation of 18 U.S.C. § 2385. This is a criminal statue, which does not provide for a private cause of action. See <u>Clements v. Chapman</u>, 189 Fed. Appx. 688, 692 (10th Cir. 2006) ("[N]one of the federal criminal statutes cited ... provide for a private cause of action."); <u>Diamond v. Charles</u>, 476 U.S. 54, 64-65, 106 S. Ct. 1697 (1986) (noting that private citizens cannot compel enforcement of criminal law).

## V. Conclusion

Defendant's motion to dismiss is granted. (Doc. 24).

Plaintiff is on notice that this order terminates his case. Plaintiff may not deliver voluminous stacks of documents to the clerk's office for filing. This court is not a depository. Plaintiff may only file pleadings which are in compliance with this court's rules. The court will not accept a document unless it is a proper motion with a supporting memorandum or a notice of appeal. The clerk's office is instructed to return all of plaintiff's documents to plaintiff by mail.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 5 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992). The response to any motion for reconsideration shall not exceed 5 double-spaced pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this 29th day of June 2015, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE